(No. 2101—

JOHN T. HEATHCOCK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1935.*
*Rehearing denied April 9, 1935.*

JOHNSON & PETERSON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

464

MR. JUSTICE YANTIS delivered the opinion of the court:

Plaintiff was a Highway Patrolman employed by the State of Illinois in the Division of Highways on the 13th day of April, 1932. He was working upon and about the earth shoulders of State Route No. 7, and while employed in the regular course of his duties was operating and riding upon a drag. While doing so he was thrown to the ground, the drag fell upon him and he suffered a compound dislocation of the Tibia of the right leg at the ankle joint and also a compound fracture of the Fibula of the right leg about three inches above the lower end of said right Fibula. A stipulation of. facts entered into between the parties hereto further recites ''That by reason of said accident the muscles, tendons, ligaments and tissues of the ankle joint of said right leg and foot were torn and bruised; that by reason thereof, and when in the process of healing, certain fibrous tissue formed in and about said ankle joint producing a partial fixation of said ankle joint known as Ankylosis; * * that he became partially incapacitated from pursuing his customary and usual line of employment as a farmer; that same was a result of the partial loss of the use of said right leg and foot; and that the partial loss of the use of said right leg and foot is forty per cent (40%) of the total use of said member.'' The required averments as to notice, demand, etc. are alleged.

Claimant was unable to work from the day of his injury, April 13, 1932, to August 22, 1932, during which time he was paid his full wages. Under the stipulation it is agreed that in the allowance of any award the sum of Two Hundred

Sixty-six and 95/100 Dollars ($266.95) should be credited, because of such payment of wages in full during the period of incapacity.

As above quoted, the stipulation states that the condition which finally resulted from the accident is "A partial fixation of the ankle joint." The concluding words of the stipulation as to the extent of the loss or injury are "That the partial loss of use of said right leg and foot is 40% of the total use of said member."

As the permanent condition is localized in the ankle joint, a total loss could only be of the foot. A partial loss must be founded upon the basis on which a total loss would be computed. If an amputation of the foot had resulted it would, from the facts alleged, have apparently been little more than three inches above the ankle. An amputation of a foot, if made well below the knee, is considered a loss of a foot, and not a partial loss of a leg (Angerstein, Section 309, Page 570).

The evidence here supports an allowance to plaintiff on the basis of forty per cent (40%) for loss of use of his right foot. His average wages were $28.85 per week. A total loss of a foot would entitle him to fifty per cent (50%) of his wages for one hundred thirty-five weeks (135). A forty per cent (40%) loss entitles him to an award of Seven Hundred Seventy-nine and 22/100 Dollars ($779.22). From this a deduction is to be made, under the terms of the stipulation, of Two Hundred Sixty-six and 95/100 Dollars, ($266.95), making an allowance of Five Hundred Twelve and 27/100 Dollars, ($512.27).

An award is therefore allowed in favor of plaintiff in the sum of Five Hundred Twelve and 27/100 Dollars ($512.27).

OPINION ON REHEARING.

MR. JUSTICE YANTIS delivered the opinion of the court:

An opinion was filed in this cause on March 13, 1935 granting to petitioner an award in the sum of Five Hundred Twelve and 27/100 Dollars ($512.27). On April 3, 1935 plaintiff filed his Petition for Rehearing, asking that said award be changed and allowed in the sum of Seven Hundred Twenty-two and 29/100 Dollars ($772.29).

The basis of said petition is that a Stipulation of Facts was entered into between the parties in which it was agreed ·"That the partial loss of use of said right leg and foot is 40% of the total use of said member"; that it had been definitely agreed between the parties that a net award of Seven Hundred Seventy-two and 29/100 Dollars ($772.29) should be allowed and that it was the intention of the parties that by said stipulation it was to be agreed (Par. 8 Petition for Rehearing) "That any award entered would be based on the 40% loss of use of said right leg and foot." In his Petition for Rehearing Plaintiff purports to quote Angerstein Section 435, Page 718-20 by saying "That the stipulation of the parties hereto as to material facts is binding upon this court." The wording found in the reference so cited reads "A stipulation by the parties as to the facts, so long as it stands, is conclusive between them and cannot be met by evidence tending to show that the facts are otherwise."

The original opinion herein recites the stipulation in much detail and that stipulation specifically stated that the condition resulting from the accident was "A partial fixation of said ankle joint." In its opinion the court gave full consideration to the Stipulation of Facts between the parties. The conclusion to be reached from such Statement of Fact was for the court to determine. The basis upon which the conclusion was reached is fully set out in the opinion.

Under the stipulation herein filed the only award either partial or total that could be made would be incident to the loss of or loss of use of plaintiff's foot.

No matters appearing in the Petition for Rehearing upon which a different result might be obtained the petition is denied and the original award re-affirmed.

Mr. Chief Justice Hollerich, dissenting.